UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD L. LLAMAS,<br>　　　　Plaintiff,<br>　　v.<br>KIMBERLY A SEIBEL,<br>　　　　Defendant. | Case No. 16-cv-05812-WHO<br><br>**ORDER OF SERVICE**<br>Re: Dkt. No. 1 |

Petitioner Leonard L. Llamas, a state prisoner incarcerated at Chuckawalla State Prison in Blythe, California has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. It is sufficiently pleaded to require service on the defendants.

## I.　BACKGROUND

Llamas was convicted by a jury of felony battery against a person with whom he had a spousal or dating relationship, under California Penal Code §273.5(a), in Santa Clara County Superior Court. After trial, the court conducted a 10-day hearing to assess whether two alleged "strikes" would be used as prior enhancements for the purposes of sentencing. The court found Llamas had a prior "strike" based on a conviction for violating Penal Code §220 in Santa Clara County, as well as a second "strike" based on a Colorado robbery, however Llamas successfully moved to dismiss the Colorado "strike" as a prior enhancement. Llamas was sentenced to eight years in state prison. Llamas received the upper term of four years on the felony battery charge, doubled by virtue of the remaining strike from the §220 violation.

Llamas appealed his conviction to the California Court of Appeal, raising most of the issues raised in this federal habeas petition. The court denied his appeal and on June 23, 2015 issued a twenty-eight page opinion affirming his conviction. That same day the court also denied

1 Llamas' petition for a writ of habeas corpus. Llamas appealed the Court of Appeal's decision to
2 the Supreme Court of California, which on September 30, 2015 denied review. That same day the
3 Supreme Court of California also denied a petition for a writ of habeas corpus which Llamas had
4 filed with the court.

## II.  DISCUSSION

### A.  Legal Standard

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasques*, 908 F.2d 490, 491 (9th Cir. 1990).

### B.  Llamas's Legal Claims

Llamas seeks federal habeas corpus relief by raising the following claims: (1) he was denied his right to self-representation when the trial court denied his motion for self-representation after the jury was empaneled and before opening statements; (2) he received ineffective assistance of counsel because his counsel failed to present photographic evidence of Llamas' clothes after his arrest showing a lack of blood; (3) he received ineffective assistance of counsel because his counsel failed to object to hearsay testimony that had already been deemed barred by an *in limine* ruling; (4) he received ineffective assistance of counsel because his counsel failed to object to serious prosecutorial misconduct during closing argument; (5) his due process rights were violated because the trial court coerced a deadlocked jury into returning a guilty verdict; (6) the cumulative prejudice due to violations of Llamas' due process rights and right to effective assistance of counsel deprived Llamas of a fair trial. Liberally construed, these claims appear colorable under 28 U.S.C. § 2254 and merit an answer from respondent.

### III.  CONCLUSION

For the foregoing reasons and for good cause shown:

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondent and respondent's counsel.
2. Respondent shall file with the Court and serve on petitioner, within 60 days of the date of this order, an answer showing why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.
3. If the petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED**.

Dated: January 9, 2017



WILLIAM H. ORRICK  
United States District Judge

3